Case 4:25-cr-00166   Document 1   Filed on 04/10/25 in TXSD   Page 1 of 7

United States Courts
Southern District of Texas
FILED

April 10, 2025

Nathan Ochsner, Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | § |
| | § |
| VS. | § CRIMINAL NO. H-25- 4:25-cr-166 |
| | § |
| KYLE THANE ULBIG | § |
| ASHLEY DIANE GRAY | § |
| QUINTON WAYNE HOGAN | § |
| KALI NICOLE HUBBARD | § |

### INDICTMENT

The United States Grand Jury charges:

At all times material herein:

1. The Federal Deposit Insurance Corporation (FDIC) was an agency of the federal government which insured the deposits of member banks against loss up to $250,000 with the purpose of preventing their collapse and instilling public confidence in the nation's banking institutions.

2. The National Credit Union Share Insurance Fund was created by Congress in 1970 to insure members deposits in federally insured credit unions. Administered by the National Credit Union Administration, the Share Insurance Fund insures individual accounts up to $250,000.

3. Bank of America, including its branches, was a financial institution the deposits of which were insured by the FDIC.

4. Capital One Bank, including its branches, was a financial institution the deposits of which were insured by the FDIC.

5. Comerica Bank, including its branches, was a financial institution the deposits of

1

which were insured by the FDIC.

6. Cadence Bank, including its branches, was a financial institution the deposits of which were insured by the FDIC.

7. Amegy Bank, including its branches, was a financial institution the deposits of which were insured by the FDIC.

8. USAA Federal Savings Bank, including its branches, was a financial institution the deposits of which were insured by the FDIC.

9. JP Morgan Chase Bank, including its branches, was a financial institution the deposits of which were insured by the FDIC.

10. CenLa Federal Credit Union, including its branches, was a financial institution the deposits of which were insured by the National Credit Union Share Insurance Fund.

<u>**COUNT 1**</u>
(Conspiracy - 18 U.S.C. § 1349)

**A.** <u>**INTRODUCTION**</u>

1. The Grand Jury adopts, realleges, and incorporates the allegations in paragraphs 1-10 of the Introduction of this Indictment as if set out fully herein.

**B.** <u>**THE CONSPIRACY AND ITS OBJECTS**</u>

2. From on or about May 1, 2024, and continuing until at least on or about November 19, 2024, in the Houston Division of the Southern District of Texas and elsewhere,

**KYLE THANE ULBIG,
ASHLEY DIANE GRAY,
QUINTON WAYNE HOGAN, and
KALI NICOLE HUBBARD,**

Defendants herein, did knowingly and willfully combine, conspire, confederate, and agree with others known and unknown to the Grand Jury to execute and attempt to execute a scheme and

artifice to defraud, financial institutions the accounts of which were insured by the FDIC, and to obtain money, funds, and property under the custody and control of the above-listed financial institutions, by means of false and fraudulent pretenses, representations, and promises in violation of Title 18, United States Code, Section 1344 (Bank Fraud);

C. **THE MANNER AND MEANS OF THE CONSPIRACY**

The manner and means of the conspiracy were as follows:

3. The conspirators unlawfully acquired United States Postal Service arrow keys or made counterfeit arrow keys.

4. The conspirators stole mail from the mailboxes of others. They used the unlawfully acquired arrow keys to access the mailboxes or other illegal means of entry.

5. The conspirators browsed the stolen mail for checks, credit cards, financial documents or other letters containing the personal identifying information (PII) of others.

6. The conspirators made counterfeit identification documents such as Texas driver's licenses, identification cards and temporary paper identification cards.

7. The conspirators used the counterfeit identification documents to pass counterfeited, forged and stolen checks, present stolen credit cards or apply for loans.

D. **OVERT ACTS**

8. In furtherance of the conspiracy, and to affect the objects thereof, the conspirators performed and caused to be performed, among others, the overt acts set forth in Counts Two through Eleven of this indictment, hereby re-alleged and incorporated as if fully set forth in this Count of the indictment, as well as the overt act listed below:

a. On or about July 11, 2024, KYLE THANE ULBIG cashed a check for $1,499 in Pasadena, Texas. The checks represented the proceeds of a loan from 1st Franklin Financial that was obtained by unlawfully using the PII of Victim MC.

In violation of Title 18, United States Code, Section 1349.

## COUNT 2
### (Possession of Stolen Mail - 18 U.S.C. § 1708)

From on or about May 1, 2024, until on or about November 19, 2024, in the Houston Division of the Southern District of Texas,

**KYLE THANE ULBIG,
ASHLEY DIANE GRAY,
QUINTON WAYNE HOGAN, and
KALI NICOLE HUBBARD,**

Defendants herein, did possess checks, letters, credit cards, debit cards and other mail items, which had been stolen from the United States Mail, knowing that said items had been stolen.

In violation of Title 18, United States Code, Sections 1708 and 2.

## COUNT 3
### (Possession of Counterfeit Postal Keys – 18 U.S.C. § 1704)

From on or about May 1, 2024, until at least on or about November 19, 2024, in the Houston Division of the Southern District of Texas,

**KYLE THANE ULBIG,
ASHLEY DIANE GRAY,
QUINTON WAYNE HOGAN, and
KALI NICOLE HUBBARD,**

Defendants herein, did then and there possess counterfeit US Postal Service arrow keys with intent to use unlawfully, that is, to steal United States Mail.

In violation of Title 18, United States Code, Sections 1704 and 2.

**COUNTS 4- 11**
(Aggravated Identity Theft- 18 U.S.C. § 1028A)

From on or about May 1, 2024 until on or at least about November 19, 2024, in the Houston Division of Southern District of Texas,

**KYLE THANE ULBIG,
ASHLEY DIANE GRAY,
QUINTON WAYNE HOGAN, and
KALI NICOLE HUBBARD,**

Defendants herein, did knowingly possess and use, without lawful authority, a means of identification of another, that is, the name, date of birth and Texas driver's license number of real persons, during and in relation to violations of 18 U.S.C., Section 1344 (Bank Fraud) and 18 U.S.C. Section 641 (Theft of Government Money), as described in the counts below:

| COUNT | DATE | NAME | ITEM |
|---|---|---|---|
| FOUR | May 9, 2024 | EZ | Check |
| FIVE | May 9, 2024 | SW | Check |
| SIX | November 18, 2024 | KJ | Credit Card |
| SEVEN | November 18, 2024 | SS | Credit Card |
| EIGHT | November 19, 2024 | RRRS | Identification Document |
| NINE | November 19, 2024 | MWB | Identification Document |
| TEN | November 19, 2024 | JDD | Identification Document |
| ELEVEN | November 19, 2024 | VLH | Identification Document |

In violation of Title 18, United States Code, Sections 1028A(a)(1) and 2.

## NOTICE OF FORFEITURE
(18 U.S.C. § 982(a)(6))

Pursuant to Title 18, United States Code, Section 982(a)(6), the United States gives notice to the defendants,

**KYLE THANE ULBIG,
ASHLEY DIANE GRAY,
QUINTON WAYNE HOGAN, and
KALI NICOLE HUBBARD,**

that in the event of conviction of the offenses charged in Counts One through Eleven of this Indictment, the United States intends to seek forfeiture of all conveyances used in and of all property used to facilitate, or intended to be used to facilitate, the commission of the offenses.

### Money Judgment and Substitute Assets

The United States gives notice that it will seek a money judgment against the defendant. In the event that one or more conditions listed in Title 21, United States Code, Section 853(p) exist, the United States will seek to forfeit any other property of the defendants up to the value of the property subject to forfeiture.

          TRUE BILL

          Original Signature on File

          _____
          FOREPERSON OF THE GRAND JURY

NICOLAS J. GANJEI
United States Attorney

_____
JAY HILEMAN
Assistant United States Attorney