United States District Court
Southern District of Texas
**ENTERED**
April 17, 2025
Nathan Ochsner, Clerk

# UNITED STATES DISTRICT COURT
for the
Southern District of Texas

| | |
|---|---|
| United States of America )<br>v. )<br>　)<br>Quinton Wayne Hogan　)<br>*Defendant*　) | Case No. 4:25-cr-166 |

## ORDER OF DETENTION PENDING TRIAL

### Part I - Eligibility for Detention

Upon the

☐ Motion of the Government attorney pursuant to 18 U.S.C. § 3142(f)(1), or

☒ Motion of the Government or Court's own motion pursuant to 18 U.S.C. § 3142(f)(2),

the Court held a detention hearing and found that detention is warranted. This order sets forth the Court's findings of fact and conclusions of law, as required by 18 U.S.C. § 3142(i), in addition to any other findings made at the hearing.

### Part II - Findings of Fact and Law as to Presumptions under § 3142(e)

☐ **A. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(2)** *(previous violator)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community because the following conditions have been met:

　☐ **(1)** the defendant is charged with one of the following crimes described in 18 U.S.C. § 3142(f)(1):

　　☐ **(a)** a crime of violence, a violation of 18 U.S.C. § 1591, or an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed; **or**

　　☐ **(b)** an offense for which the maximum sentence is life imprisonment or death; **or**

　　☐ **(c)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508); **or**

　　☐ **(d)** any felony if such person has been convicted of two or more offenses described in subparagraphs (a) through (c) of this paragraph, or two or more State or local offenses that would have been offenses described in subparagraphs (a) through (c) of this paragraph if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses; **or**

　　☐ **(e)** any felony that is not otherwise a crime of violence but involves:
　　**(i)** a minor victim; **(ii)** the possession of a firearm or destructive device (as defined in 18 U.S.C. § 921); **(iii)** any other dangerous weapon; or **(iv)** a failure to register under 18 U.S.C. § 2250; **and**

　☐ **(2)** the defendant has previously been convicted of a Federal offense that is described in 18 U.S.C. § 3142(f)(1), or of a State or local offense that would have been such an offense if a circumstance giving rise to Federal jurisdiction had existed; **and**

　☐ **(3)** the offense described in paragraph (2) above for which the defendant has been convicted was committed while the defendant was on release pending trial for a Federal, State, or local offense; **and**

　☐ **(4)** a period of not more than five years has elapsed since the date of conviction, or the release of the defendant from imprisonment, for the offense described in paragraph (2) above, whichever is later.

☐ **B. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(3)** *(narcotics, firearm, other offenses)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed one or more of the following offenses:

☐ **(1)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508);

☐ **(2)** an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b;

☐ **(3)** an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;

☐ **(4)** an offense under Chapter 77 of Title 18, U.S.C. (18 U.S.C. §§ 1581-1597) for which a maximum term of imprisonment of 20 years or more is prescribed; **or**

☐ **(5)** an offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

☐ **C. Conclusions Regarding Applicability of Any Presumption Established Above**

☐ The defendant has not introduced sufficient evidence to rebut the presumption above, and detention is ordered on that basis. *(Part III need not be completed.)*

**OR**

☐ The defendant has presented evidence sufficient to rebut the presumption, but after considering the presumption and the other factors discussed below, detention is warranted.

## Part III - Analysis and Statement of the Reasons for Detention

After considering the factors set forth in 18 U.S.C. § 3142(g) and the information presented at the detention hearing, the Court concludes that the defendant must be detained pending trial because the Government has proven:

☐ By clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community.

☒ By a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required.

In addition to any findings made on the record at the hearing, the reasons for detention include the following:

☒ Weight of evidence against the defendant is strong
☒ Subject to lengthy period of incarceration if convicted
☒ Prior criminal history
☒ Participation in criminal activity while on probation, parole, or supervision
☒ History of violence or use of weapons
☐ History of alcohol or substance abuse
☒ Lack of stable employment
☒ Lack of stable residence
☒ Lack of financially responsible sureties
☐ Lack of significant community or family ties to this district

- ☐ Significant family or other ties outside the United States
- ☐ Lack of legal status in the United States
- ☐ Subject to removal or deportation after serving any period of incarceration
- ☐ Prior failure to appear in court as ordered
- ☒ Prior attempt(s) to evade law enforcement
- ☒ Use of alias(es) or false documents
- ☐ Background information unknown or unverified
- ☒ Prior violations of probation, parole, or supervised release

OTHER REASONS OR FURTHER EXPLANATION:

On April 16, 2025, the Court held a hearing to determine whether Defendant Hogan should be held in custody pending trial in accordance with the Bail Reform Act of 1984, 18 U.S.C. § 3142(f). Defendant is charged in an Indictment with conspiracy in violation of 18 U.S.C. 1349, possession of stolen mail in violation of 18 USC §§ 1708 and 2; possession of counterfeit postal keys in violation of 18 U.S.C. §1704 and 2, and aggravated identity theft in violation of 18 U.S.C. 1028A(a)(1) and 2. Assistant United States Attorney Jay Hileman appeared on behalf of the United States (the "Government"); Assistant Federal Public Defender Rachel Melby appeared on behalf of Defendant.

The Government offered testimony of a US Postal Inspector ("Inspector") with the US Postal Service, concerning the investigation and Defendant's subsequent arrest. The Court finds his testimony to be credible. He testified to the following: The Postal Service team was investigating theft of mail in Houston business complex. Defendant and his co-defendants used stolen or counterfeit postal keys to steal mail. They stole checks, credit cards, and personal identifying information of the victims whose mail they stole. On September 30, 2024, Defendant was captured on video stealing mail at a business complex in Hedwig Village, Texas. There were 85 complainants as a result of that theft. He is seen taking the mail and going into a car registered to him. To serve the arrest warrant on him, law enforcement had to track his vehicle. On the day of his arrest, November 18, 2024, Defendant was tracked to, and apparently living in, a hotel with one of his co-defendants (Hubbard). He had in his pocket 6 Arrow keys. Two additional keys were found in his car. Inside the car was stolen mail, credit cards not in his name, the fake ids in the name of several victims with their personal identifying information but Defendant's picture on the ids. His co-defendant Hubbard told investigators that Hogan was staying with her, her mother, and her 1 year old child in the hotel. She was on bond on related state charges for mail theft. Defendant was arrested for the September 30 mail theft on state charges and released on bond that same day. On Novmber 19, 2024, the other two co-defendants were arrested (Ulbig and Gray) in possession of stolen mail, fake ids, a leger, checks that did not belong to them, and check books that did not belong to them. Gray told investigators that Defendant was the key man, he provided the keys to them to steal mail. Hubbard was the id person who provided the fake ids. A search of her phone showed texts between all the defendants regarding personal id information and postal keys.

Defendant's state bond from the November 18 arrest required him to stay in Harris County. On January 2, 2025, he was found in Austin, Texas. He was with two women, driving one of the women's car. It was stopped for a traffic violation. Defendant gave a false name and false date of birth, but a search of the car provided law enforcement with Defendant's true identity. There was an open warrant for his arrest and he was arrested. He was released on bond and told to report to court on January 30. Because he was in violation of the November 18 bond, he was placed on house arrest with GPS.

On April 11, 2025, Defendant was arrested on this indictment. He was residing with friends in Sugarland, where he was under house arrest. The two other occupants of the house have criminal records or are wanted in connection with criminal activity, including mail theft. Defendant told PTS that he was homeless before living with this friend. She said he could return if released on bond, but that he would have to pay his own way and could not live off her any longer. His mother lives with her boyfriend in a rental and Defendant is not allowed to live with them.

Defendant's Evidence

The Defendant did not call any witnesses but proffered that he could return to live with his friend in Sugarland even though she does not qualify as an appropriate roommate because she is out on bond on pending charges. He further proffered that his mother would allow him to come live with her but it was not up to her. So that was not a viable possibility at this time.

The Government has met its burden of persuasion and demonstrated, by a preponderance of the evidence, that Defendant poses a serious risk of flight such that no condition or combination of conditions of release would reasonably ensure his appearance as required. See United States v. McConnell, 842 F.2d 105, 110 (5th Cir. 1988) (en banc) ("It is sufficient for the court to find by a preponderance of evidence that the defendant poses a serious risk of flight."). Defendant has no stable living arrangement. He has not worked since 2015, for ten years. He has no assets, income, or ability to support himself. He violated his probation twice in the past. He was convicted of evading arrest. He has violated his bond conditions on the pending state charges and gave false information to law enforcement on his identity. PTS recommended detention. The Court agrees. Thus, the court concludes that there are no conditions or combination of conditions that would reasonably assure Defendant's appearance in court as required. Defendant is DETAINED pending further proceedings in this matter.

## Part IV - Directions Regarding Detention

The defendant is remanded to the custody of the Attorney General or to the Attorney General's designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant must be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

Date: 04/16/2025

*Dena Palermo*
United States Magistrate Judge